IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARIA MERCEDES BADIA
TAVAS, ISABEL CRISTINA
BADIA HEWETT, and HECTOR
LUIS BADIA, in their capacity
as co-agents on behalf of Hector
J. Badia and Irene M. Badia**                                                **PLAINTIFFS**

**v.**                                                      CAUSE NO. 1:24cv75-LG-BWR

**STATE FARM FIRE AND
CASUALTY COMPANY**                                                           **DEFENDANT**

<u>**ORDER CONCERNING STATE FARM'S MOTIONS IN LIMINE**</u>

Plaintiffs, who were granted power of attorney to act on behalf of Hector J. and Irene M. Badia, filed this lawsuit seeking additional damages under a State Farm Fire and Casualty Company homeowners' insurance policy following a water loss at the Badias' home.  State Farm has filed (1) a [66] Motion in Limine to Exclude Testimony and Evidence Related to Claim Handling; (2) a [68] Motion in Limine to Exclude Expert Opinions from Non-Experts; and (3) a [70] Motion in Limine to Preclude Testimony, Evidence, and Argument Relating to the Interpretation of Insurance Policy Provisions and Mississippi Law.  The parties have fully briefed these Motions.

After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that State Farm's [66] Motion concerning claims handling should be granted.  State Farm's [68] Motion concerning the admissibility of expert testimony from non-witnesses is denied as an inappropriate and

unnecessary motion in limine.  Finally, State Farm's Motion concerning the interpretation of state law and policy provisions is moot.

## DISCUSSION

### I. State Farm's [66] Motion in Limine to Exclude Testimony and Evidence Related to Claim Handling

State Farm argues that testimony and evidence related to the handling of Plaintiffs' claim is not relevant to the issues in this case because Plaintiffs are not seeking punitive or extra-contractual damages.  *See* Fed. R. Evid. 401, 402.  It further asserts that evidence or testimony concerning claim handling would be excluded pursuant to Fed. R. Evid. 403 because its probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.

Plaintiffs counter that State Farm's Motion is overbroad because it:

> seems to include evidence of Defendant's inspection of the property, payment of the undisputed portion of damages, and communication with Plaintiffs about the bare facts of the claim itself—facts without which the Plaintiffs would not even be able to prove their claim.

Pl.'s Mem. [75] at 2.  Plaintiffs further assert that State Farm's claim handling is relevant to their allegation that "State Farm manipulated pricing software to suppress repair costs and delayed communications with the plaintiffs and their representatives." *Id.* at 3.  They claim that exclusion of claim handling evidence

> would unfairly prejudice the Plaintiffs by depriving them of the opportunity to present a complete picture of the Defendant's actions or omissions in handling their claim, including when the claim was reported to State Farm, when and how thoroughly State Farm inspected, and what State Farm did and when in response to its inspection—specifically, whether State Farm paid what it owed under the insurance policy.

*Id.*

The only issue that the jury must decide in this matter is the amount of damage caused to the Badias' home by the water loss that occurred on or about April 13, 2025. The timeliness of State Farm's handling of the claim is not relevant to this determination. If any delay on the part of State Farm caused Plaintiffs additional harm, those damages would be extra-contractual in nature. *See Fulton v. Mississippi Farm Bureau Cas. Ins. Co.*, 105 So. 3d 284, 289 (Miss. 2012) ("The term 'extracontractual damages' refers to damages not justified under the terms of the contract . . . ."); *Allred v. Fairchild*, 916 So.2d 529, 532–33 (Miss. 2005) ("Extra-contractual damages include emotional distress, attorney fees and legal expenses reasonably and necessarily incurred, inconvenience, accounting fees, and economic loss."); *Smith v. Union Nat'l Life Ins. Co.*, No. 1-15-CV-9-KS-RHW, 2018 WL 1021342, at *23 (S.D. Miss. Feb. 22, 2018) ("Extracontractual damages are warranted when there is no arguable basis for delaying or denying coverage, but the conduct is not sufficiently egregious to warrant punitive damages."). As for Plaintiffs' claim that State Farm "manipulated pricing software to suppress repair costs," it is unclear whether Plaintiffs wish to present evidence or testimony that State Farm uses inaccurate software or that State Farm acted in bad faith while adjusting their loss. *See id.*

As this Court has previously held:

> [I]t is axiomatic that evidence regarding claims handling – in a case where coverage is not at issue and where there is no independent cause of action related to the handling of the claim itself – not only is irrelevant, but also could serve no other purpose but as an impermissible attempt to inflame the jury.

*Johnson v. 21st Century Centennial Ins. Co.* , No. 1:15CV74-LG-RHW, 2016 WL

4471887, at *3 (S.D. Miss. Aug. 24, 2016). Therefore, State Farm's Motion is granted. If Plaintiffs wish to present evidence concerning the handling of their claim, they should notify the Court in advance during trial so that the Court may determine the admissibility of the proposed evidence or testimony outside the presence of the jury. Of course, Plaintiffs will be permitted to offer evidence related to Defendant's claim handling for impeachment purposes. *See Dey v. State Farm Mut. Auto. Ins. Co.*, No. 1:12CV332-HSO-RHW, 2014 WL 11906645, at *4 (S.D. Miss. Jan. 17, 2014).

## II. State Farm's Motion in Limine to Exclude Expert Opinions from Non-Experts

The Federal Rules of Evidence provide:

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
(a) rationally based on the witness's perception;
(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. "[T]he purpose of motions in limine is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion in limine." *Walton v. Tronox LLC*, No. 1:22-CV-96-SA-RP, 2024 WL 4028714, at *1 (N.D. Miss. Sept. 3, 2024).

The parties are already required to follow the Local Rules, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Court's Case Management Order. Thus, it is unnecessary for the Court to enter an additional

order prohibiting Plaintiffs from eliciting expert testimony from persons they did not designate as expert witnesses.  Furthermore, the Court does not have sufficient information concerning the witnesses' proposed testimony to evaluate whether their proposed testimony would be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  *See* Fed. R. Evid. 701.  State Farm's Motion is denied, but it will be permitted to make contemporaneous objections at trial, if necessary.

### III. State Farm's Motion in Limine to Preclude Testimony, Evidence, and Argument Relating to the Interpretation of Insurance Policy Provisions and Mississippi Law

In its [70] Motion, "State Farm anticipates that Plaintiffs will attempt to introduce at trial testimony, evidence, and argument concerning the interpretation of the State Farm policy issued to Plaintiffs and Mississippi law."  Def.'s Mot. [70] at 2.  Plaintiffs respond that they "do not anticipate that the insurance policy language is at issue."  Pls.' Resp. [77] at 2.  As a result, State Farm's Motion is moot.  The parties will be permitted to assert contemporaneous objections at trial should any party attempt to present inadmissible evidence or testimony.

**IT IS THEREFORE ORDERED AND ADJUDGED** that State Farm's [66] Motion in Limine to Exclude Testimony and Evidence Related to Claim Handling  is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that State Farm's [68] Motion in Limine to Exclude Expert Opinions from Non-Experts is **DENIED** as an inappropriate and unnecessary motion in limine.

-6-

**IT IS FURTHER ORDERED AND ADJUDGED** that State Farm's [70] Motion in Limine to Preclude Testimony, Evidence, and Argument Relating to the Interpretation of Insurance Policy Provisions and Mississippi Law is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 15th day of April, 2025.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE